## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 5:99cr3-SPM

RUBY ARLENE HERNANDEZ
(formerly RUBY ARLENE JOHNSON)

_____/

## O R D E R

This cause is before the court upon the Defendant's Motion for Early Termination of Supervised Release. (Doc. 125).

Pursuant to 18 U.S.C. §3583(e)(1) and after considering the factors set forth in §3553(a),[1] a Court may terminate a term of supervised release in which the defendant has already served at least one year of supervised release. *United States v. Perry*, 397 Fed.Appx. 521, 522 (11th Cir. 2010). Early termination is granted only "if [the Court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583.

Further, supervised release was designed to "ease the defendant's transition into the community." *United States v. Pugh*, 515 F.3d 1179, 1199 (11th Cir.2008). That is, to "improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708-09 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. *Id*. at 709.

---

[1] Specifically, the statute requires the court to examine 18 U.S.C. §§3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release. 18 U.S.C. §3583(e)(1). However, "the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendant committing the same types of crimes are all also considerations related to supervised release." *U.S. v. Reagan*, 162 Fed.Appx. 912, 914 (11th Cir. 2006).

If the court needs to modify the supervised release then in general a hearing is required. Fed.R.Crim.P. 32.1(c)(1). However, if the relief sought is favorable to the person, does not extend the term of supervised release, and the attorney for the Government has received notice of the relief sought and has not objected despite reasonable time to do so, then a hearing is not necessary. Fed.R.Crim.P. 32.1(c)(2).

In this case, the Defendant has served over five years of her ten year term of supervised release. The Defendant has paid her $100 assessment and $1000 fine. The Defendant has maintained employment. The Defendant has also become involved in community projects focusing on finding viable ways to prevent recidivism. In fact, the Defendant hopes to teach life classes to prisoners one day. Additionally, the Defendant has distanced herself from her co-defendant and now ex-husband. The Government has been given ample time to oppose the motion but has chosen not to do so. The probation officer for the Defendant has noted that the Defendant has complied with her supervised release conditions.

Accordingly, having considered all of the factors in 18 United States Code Section 3553(a) and the facts as presented, the court is satisfied that early termination is "warranted by the conduct of the defendant and in the interest of justice." 18 U.S.C. §3564(c). It is hereby ORDERED AND ADJUDGED that the motion for early termination of supervised release (doc. 125) is GRANTED and Defendant's supervised release is hereby terminated.

**SO ORDERED** this 7th day of January, 2013.

      *s/ M. Casey Rodgers*
      **M. CASEY RODGERS**
      **CHIEF UNITED STATES DISTRICT JUDGE**